-PS/CD-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ROSENDO SANTIAGO, 12285-055,

        Petitioner,

    -v-

UNITED STATES OF AMERICA,

        Respondent.
_____

DECISION AND ORDER
11-CV-6451L
03-CR-6142L

    The petitioner, Rosendo Santiago, acting *pro se*, brought this petition in the Middle District of Pennsylvania, where he is incarcerated. This Court has determined that petitioner seeks relief pursuant to 28 U.S.C. § 2255, because he is challenging his conviction, as set forth more precisely in his motion.

    According to 28 U.S.C. § 2255, a one-year period of limitations applies to a motion attacking sentence by a person in federal custody. The limitation period shall run from the latest of --

> (1)    the date on which the judgment of conviction becomes final;
>
> (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)    the date on which the right asserted was initially recognized by the [United States] Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

It appears to the Court that this motion should be barred under 28 U.S.C. § 2255 and Rule 9 of the Rules Governing Section 2255 Cases in the United States District Courts. Specifically, it has been more than one year since petitioner's conviction became final, and petitioner has not indicated that any basis for the petition falling outside of the one year time for bringing the petition exists.

In order to permit the Court to properly evaluate the issue, petitioner is directed to complete the attached § 2255 Timeliness Response Form entitled "Petitioner's Response as to Why the Motion Is Not Time-Barred Under 28 U.S.C. § 2255" and return it to the Clerk of Court by **October 18, 2011**. Petitioner should be sure to include in the Response specific and detailed information addressing all of the Court's concerns; petitioner should also include all pertinent dates when any collateral attacks were filed and when each was finally determined, if petitioner has filed any such collateral attacks, and any other information which may be relevant to the Court's determination of the limitations issue.

**Failure to return the properly completed form by October 18, 2011 will result in the automatic dismissal of the petition as an abuse of the writ of habeas corpus.**

IT HEREBY IS ORDERED, that petitioner is directed to file a response to this order by **October 18, 2011**; and

FURTHER, that if the § 2255 Timeliness Response Form is not filed by **October 18, 2011**, the Clerk of the Court is directed to dismiss the petition as an abuse of the writ of habeas corpus without further notice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

DATED: September 13, 2011
Rochester, New York