-PS/CD-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ROSENDO SANTIAGO, 12285-055,

          Petitioner,

    -v-                                 DECISION AND ORDER
                                                   11-CV-6451L
UNITED STATES OF AMERICA,            03-CR-6142L

          Respondent.

_____



       The petitioner, Rosendo Santiago, acting *pro se*, was directed to respond to the Court as to why his petition should not be considered untimely. He has filed a response.

       According to 28 U.S.C. § 2255, a one-year period of limitations applies to a motion attacking sentence by a person in federal custody. The limitation period shall run from the latest of --

    (1)    the date on which the judgment of conviction becomes final;

    (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3)    the date on which the right asserted was initially recognized by the [United States] Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

       This motion is barred under 28 U.S.C. § 2255 and Rule 9 of the Rules Governing Section 2255 Cases in the United States District Courts. It has been more than one year since petitioner's conviction became final. Petitioner has supplied no basis for the petition falling outside of the one

year time for bringing the petition. Petitioner's response cites the case of Watson v. United States, 552 U.S. 74 (2007) to argue that he is innocent of the charge of using or carrying a firearm during and in relation to a drug trafficking crime. Given that the case was decided in 2007, prior to petitioner's conviction, petitioner cannot argue that the case provides a basis for allowing him to challenge his conviction after the one year period for bringing such a petition has expired.

The petition is, hereby, dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

DATED: September 29, 2011
Rochester, New York